**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Dugan William J III <br> First Name    Middle Name    Last Name | Social Security number or ITIN    xxx–xx–4956 <br> EIN    _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN    _ _ _ _ <br> EIN    _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | District of New Jersey | |
| Case number: | 19–25263–SLM | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Dugan William J III

11/15/19                                                **By the court:**    Stacey L. Meisel
                                                                            United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

```
                             United States Bankruptcy Court
                                  District of New Jersey
In re:                                                                        Case No. 19-25263-SLM
Dugan William J, III                                                          Chapter 7
         Debtor
                                       CERTIFICATE OF NOTICE
District/off: 0312-2           User: admin                 Page 1 of 1                  Date Rcvd: Nov 15, 2019
                               Form ID: 318                Total Noticed: 9


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 17, 2019.
db             +Dugan William J, III,    508 Pepperidge Tree Lane,    Butler, NJ 07405-2213
518395288      +Cornerstone/American Education Services,    Attn: Bankruptcy,    Po Box 2461,
                 Harrisburg, PA 17105-2461
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Nov 16 2019 00:22:54      U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Nov 16 2019 00:22:53      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
cr             +EDI: RMSC.COM Nov 16 2019 05:03:00      Synchrony Bank, c/o PRA Receivables Management, LL,
                 POB 41021,   Norfolk, VA 23541-1021
518395287      +EDI: TSYS2.COM Nov 16 2019 05:03:00      Barclays Bank Delaware,   Attn: Correspondence,
                 Po Box 8801,   Wilmington, DE 19899-8801
518395289       E-mail/Text: camanagement@mtb.com Nov 16 2019 00:22:48      M & T Bank,   Attn: Bankruptcy,
                 Po Box 844,   Buffalo, NY 14240
518503504      +EDI: RMSC.COM Nov 16 2019 05:03:00      Synchrony Bank,   c/o of PRA Receivables Management, LLC,
                 PO Box 41021,   Norfolk, VA 23541-1021
518395290      +EDI: WTRRNBANK.COM Nov 16 2019 05:03:00      Target,   Attn: Bankruptcy,   Po Box 9475,
                 Minneapolis, MN 55440-9475
                                                                                              TOTAL: 7

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 17, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 15, 2019 at the address(es) listed below:
              Camille J Kassar    on behalf of Debtor Dugan William J, III ckassar@locklawyers.com,
               kassarcr75337@notify.bestcase.com
              Denise E. Carlon    on behalf of Creditor    M&T Bank dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Jeffrey Lester    on behalf of Trustee Jeffrey Lester jlester@bllaw.com, NJ19@ecfcbis.com
              Jeffrey Lester    jlester@bllaw.com, NJ19@ecfcbis.com
              Rebecca Ann Solarz    on behalf of Creditor    M&T Bank rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 6
```